# Richmond

## STECKEL v. STECKEL.

### November 11, 1915.

1. DOMICIL—*Husband and Wife—Divorce.*—The domicil of the husband is ordinarily that of the wife also, but where the husband abandons his wife and rids himself of those conjugal obligations which the marriage relation imposes upon him, giving to her neither the necessaries nor the comforts suitable to their condition, and relinquishes his marital control and protection, he loses that power and authority over her which alone makes his domicil hers, and she may select her own domicil.

2. DIVORCE—*Domicil—Venue—Husband and Wife.*—Where a husband abandons his wife in the State of their domicil, and the wife in good faith changes her domicil to this State, and retains it for more than one year, she may sue for a divorce in the county or city of her domicil, although the husband has never changed his domicil.

Appeal from a decree of the Circuit Court of Rockingham county dismissing complainant's bill for a divorce.

*Reversed.*

The opinion states the case.

*Charles A. Hammer,* for the appellant.

*No appearance* for the appellee.

KEITH, P., delivered the opinion of the court.

Mrs. Steckel filed a bill for divorce in the Circuit Court of Rockingham county, in which she shows that on the 30th day of September, 1885, she married one William E. Steckel, and that they lived together as man and wife in the city of Philadelphia until about four years ago, when the defendant, without

just cause, abandoned and deserted her; that her condition and that of a daughter, their only child, was, at the time of the defendant's desertion of her, distressing in the extreme, her daughter being ill, and they were left without food, clothing or fuel; that since April, 1911, she had never heard from her husband, and he has contributed nothing to her support. The petitioner further states that she is forty-nine years of age, that she resides at 179 south Main street, Harrisonburg, Virginia, and that for the year next preceding the institution of the suit on October 26, 1914, she had been living in Rockingham county. The defendant was made a party to the bill, and an order of publication was executed with respect to him, but he has never appeared, and no defense has been made to the suit.

The circuit court being of opinion that under the facts proved the petitioner had not acquired a domicil in Virginia, dismissed her suit for want of jurisdiction, and the case is before us upon an appeal.

The parties to this suit were natives and residents of Pennsylvania, and the domicil of the husband is ordinarily that of the wife, but this question, says Professor Lile, in his Notes to 1 Minor's Inst., p. 69, does not always apply to divorce proceedings. "She may establish a separate domicil whenever it is necessary and proper that she should do so. And the courts of either State may in such case determine the *status* of the party domiciled there, and such determination will be entitled to full faith and credit in every other State."

Mrs. Steckel gave her deposition in this case, and in it she says: "We have really no home. I came here to make this my home, and I expect to stay in Virginia indefinitely so far as I now know, if I can secure a living for myself and daughter. My sister is living in Dayton" (Dayton being a small incorporated town just outside of Harrisonburg, Va.).

*Domicil* is defined by Webster to be, "a residence in a particular place accompanied by an intention to remain there for an unlimited time," citing Wharton.

In *Barber* v. *Barber,* 21 How. (U. S.) ᐧ582, 16 L. Ed. 226, it is said : "The general rule is that a voluntary separation will not give to the wife a different domiciliation in law from that of her husband. But if the husband, as is the fact in this case, abandons their domicil and his wife, to get rid of all these conjugal obligations which the marriage relation imposes upon him, neither giving to her the necessaries nor the comforts suitable to their condition and his fortune, and relinquishes altogether his marital control and protection, he yields up that power and authority over her which alone makes his domicil hers, and places her in a situation to sue him for a divorce."

It is true that there is no proof in this case that the husband has abandoned his domicil. For all that appears in this record he may still be domiciled in Pennsylvania, but he has abandoned his wife and has rid himself of all those conjugal obligations which the marriage relation imposes upon him, neither giving to her the necessaries nor the comforts suitable to their condition, and has relinquished his marital control and protection, and should, therefore, be held to have lost that power and authority over her which alone makes his domicil hers.

In *Cheever* v. *Wilson,* 9 Wall. 108, 19 L. Ed. 604, it is said : "It is insisted that Cheever never resided in Indiana; that the domicil of the husband is the wife's, and that she cannot have a different one from his. The converse of the latter proposition is so well settled that it would be idle to discuss it. The rule is that she may acquire a separate domicil whenever it is necessary or proper that she should do so. The right springs from the necessity for its exercise, and endures as long as the necessity continues."

In *Atherton* v. *Atherton,* 181 U. S. 155, 21 Sup. Ct. 544, 45 L. Ed. 794, 21 Sup. Ct. Rep. 544, it is said that it is settled that where the domicil of a husband is in a particular State, and that State is also the domicil of matrimony, the courts of such State having jurisdiction over the husband may, in virtue of the duty of the wife to be at the matrimonial domicil, disregard

an unjustifiable absence therefrom, and treat the wife as having her domicil in the State of the matrimonial domicil for the purpose of the dissolution of the marriage and as a result have power to render a judgment dissolving the marriage which will be binding upon both parties, and will be entitled to recognition in all other States by virtue of the full faith and credit clause."

In this case, the husband has abandoned his wife and for four years has contributed nothing to her support. She was left with a daughter whose health was infirm. She had a sister living in Harrisonburg, Va., and knowing not where to turn for the mere means of subsistence, she came to Virginia and expects to remain here indefinitely. There is nothing in the record that suggests a suspicion that she was not acting in perfect good faith. She was in a state of utter destitution in Pennsylvania, was left by her husband to her own resources, and driven by necessity to cast about for the means of support, she came to Virginia, here to remain as long as she can secure a support for herself and her daughter.

Section 2259 of the Code says: "The circuit and corporation courts, on the chancery side thereof, shall have jurisdiction of suits for annulling or affirming marriages and for divorces. No suit for annulling a marriage or for divorce shall be maintainable, unless one of the parties has been domiciled in this State for at least one year preceding the commencement of the suit; . . . The suit . . . shall be brought in the county or corporation in which the parties last cohabited, or (at the option of the plaintiff) in the county or corporation in which the defendant resides, if a resident of this State, and if not a resident, in the county or corporation in which the plaintiff resides."

We think this suit measures up to all of the requirements of that statute. We are of opinion that the facts show that the wife had been domiciled in the State at the time of bringing the suit one year preceding its commencement. The parties never cohabited in this State, nor was the husband ever a resi-

dent therein.   It was, therefore, at the option of the plaintiff, the wife, properly brought in the Circuit Court of the county of Rockingham.

For these reasons, we think the decree of the circuit court must be reversed, and this court will enter such decree as the circuit court should have rendered.

*Reversed.*